**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose PEREZ–RAMOS, Defendant–**
**Appellant.**

**No. 09–50054.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Oct. 4, 2010.

Christopher Alexander, Assistant U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Sara Marie Peloquin, Esquire, Assistant Federal Public Defender, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Jose Agusto Perez–Ramos appeals from the 60–month sentence imposed following

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Perez–Ramos contends that the district court erred when it applied a 16–level enhancement, pursuant to U.S.S.G. § 2L1.2, because his prior conviction for lewd or lascivious acts with a child under 14 years of age, in violation of Cal.Penal Code § 288(a), does not qualify as a crime of violence. He contends that *Estrada–Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc), overruled *United States v. Baron–Medina*, 187 F.3d 1144 (9th Cir. 1999), and *United States v. Medina–Maella*, 351 F.3d 944 (9th Cir.2003). This contention is foreclosed by *United States v. Medina–Villa*, 567 F.3d 507, 511–16 (9th Cir.2009).

Perez–Ramos also contends that *Nijhawan v. Holder*, —— U.S. ——, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), effectively overruled *Medina–Villa*. This contention fails. *See Nijhawan*, 129 S.Ct. at 2300.

Finally, Perez–Ramos's contention that we must call for en banc review based on a conflict between *Estrada–Espinoza* and *Medina–Villa* is without merit. *See Pelayo–Garcia v. Holder*, 589 F.3d 1010, 1013–16 (9th Cir.2009) (recognizing that *Estrada–Espinoza* and *Medina–Villa* set out "two different generic federal definitions of 'sexual abuse of a minor'" and looking to both definitions to determine whether conviction under Cal.Penal Code § 261.5(d) qualifies as generic federal

crime of "sexual abuse of a minor," under categorical approach).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.